IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MATRICULATED SERVICES, LLC,<br><br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>ADRIAN HOLDING, LLC,<br><br>Defendant/Third-Party Defendant/Counter Claimant,<br><br>and<br><br>FTS INTERNATIONAL SERVICES, LLC,<br><br>Third-Party Defendant/Counter-Claimant. | CIVIL ACTION NO.): 1:19-CV-202<br>(JUDGE KEELEY) |

**REPORT AND RECOMMENDATION RECOMMENDING THAT
ADRIAN HOLDING LLC'S MOTION FOR DEFAULT [ECF NO. 89] BE GRANTED**

This matter is before the undersigned Magistrate Judge pursuant to a referral order [ECF No. 94] entered by the Honorable Irene M. Keeley, Senior United States District Judge, on March 21, 2022. Pending before the Court is Third-Party Defendant Adrian Holding, LLC's ("Adrian

1

Holding") motion [ECF No. 89] and memorandum in support, thereof [ECF No. 90], filed on March 17, 2022, to strike Defendant Matriculated Services, LLC's ("Matriculated") Third-Party Complaint and Answer to the Amended Counterclaim of Adrian Holding and for entry of default against Matriculated. By Order to Show Cause entered on March 23, 2022 [ECF No. 97], the undersigned ordered Matriculated to show cause, within fourteen (14) days of its receipt of the Order to Show Cause, why Adrian Holding's pending motion should not be granted. Matriculated received the Order on March 28, 2022. [ECF No. 104]. Thus, Matriculated's deadline to show cause lapsed on April 11, 2022. Matriculated has filed nothing with the Court to show cause.[1]

Under the Federal Rules of Civil Procedure, when a party such as Matriculated here fails to defend as directed and required, the party seeking default against such party may file a motion for such relief, whereupon the Court may conduct proceedings to determine damages at issue. See Fed. R. Civ. P. 55(b)(2)(B); see generally U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Here, Matriculated has been given every opportunity to appear and defend against the claims lodged against it. In fact, Judge Keeley stayed proceedings for a period of months, affording Matriculated more than ample time to retain new counsel [ECF Nos. 64, 67]. By the undersigned's Order to Show Cause [ECF No. 97], Matriculated has been informed in writing, unequivocally, that failure to file a responsive pleading may well result in default entered against it, which ultimately may result in a finding of damages. Nonetheless, despite receiving notice and having opportunity to respond, Matriculated has failed to retain counsel who have appeared, and thus has failed to respond as directed.

---

[1] As noted in the Order to Show Cause [ECF No. 97], Matriculated had counsel earlier in these proceedings who tragically passed in an automobile accident. Judge Keeley stayed proceedings and subsequently entered an Order [ECF No. 67] clearly directing that new counsel for Matriculated file a notice of appearance by December 31, 2021. No new counsel filed such a notice of appearance by that deadline or since then. It is indicated in the record that Matriculated is not retaining new counsel. [See ECF No. 82-1 at 2].

Thus, based on the foregoing, the undersigned **RECOMMENDS** that Adrian Holding's pending motion [ECF No. 89] for default and to strike Matriculated's Third-Party Complaint and Answer to the Amended Counterclaim be **GRANTED**.[2]

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

---

[2] The undersigned distinguishes between entry of default here at this stage of the matter, and the potential for an ultimate entry of judgment against a party.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, as well as to Matriculated Services, LLC c/o Registered Agent David M. Sutherland, 201 River Run, Queenstown, Maryland 21658 by certified mail, return receipt requested.

**DATED**:  April 18, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE