```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**NORFOLK SOUTHERN RAILWAY COMPANY,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 1:19CV202**
                                             **(Judge Keeley)**

**MATRICULATED SERVICES, LLC.,**

    **Defendant/ Third-Party Plaintiff,**

**v.**

**ADRIAN HOLDING, LLC.,**

    **Defendant/ Third-Party Defendant/**
    **Counter Claimant**

**and**

**FTS INTERNATIONAL SERVICES, LLC.**

    **Third-Party Defendant/ Counter Claimant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 110], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 89]**

Because the third-party plaintiff, Matriculated Services, LLC ("Matriculated"), has abandoned this litigation, the third-party defendant and counter claimant, Adrian Holding, LLC ("Adrian"), has moved the Court to strike Matriculated's third-party complaint and its answer to Adrian's counterclaim (Dkt. No. 89). It also seeks default against Matriculated. Id. The Court referred this motion to United States Magistrate Judge Michael J. Aloi, who recommended granting Adrian's motion, strike Matriculated's pleadings and enter default against it, pursuant to Federal Rule

Case 1:19-cv-00202-IMK-MJA   Document 119   Filed 07/15/22   Page 2 of 10 PageID #: 569

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**                                    **1:19CV202**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 110], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 89]**

of Civil Procedure 55(a) (Dkt. No. 110). For the reasons that follow, the Court **ADOPTS** his report and recommendation.

### I.   BACKGROUND

On November 1, 2019, Norfolk Southern filed this lawsuit against Matriculated, alleging that it had failed to pay certain railroad demurrage and other charges (Dkt. No. 1). After Matriculated moved to dismiss, Norfolk Southern amended its complaint (Dkt. Nos. 6, 7). When Matriculated answered the amended complaint, the Court denied its motion to dismiss the initial complaint as moot (Dkt. Nos. 9, 18).

On June 16, 2020, with leave of the Court, Matriculated filed a third-party complaint against Adrian Holding, LLC ("Adrian") and FTS International Services, LLC ("FTSI"), asserting various causes of action, including express indemnity, implied indemnity, contribution, and breach of contract/warranty (Dkt. No. 23). Adrian timely answered and filed a counterclaim for breach of lease against Matriculated (Dkt. No. 32).[1] FTSI also timely answered and filed a counterclaim for breach of contract against Matriculated (Dkt. No. 36). Matriculated answered both counterclaims (Dkt. Nos. 40, 53).

---

[1] Adrian later amended its counterclaim after the Court granted Matriculated's motion for a more definite statement (Dkt. Nos. 35, 51, 52).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 110], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 89]**

The Court stayed this case on October 26, 2020 after FTSI entered Chapter 11 bankruptcy (Dkt. No. 41). When the Court lifted its stay on January 27, 2021, Norfolk Southern filed its second amended complaint, adding Adrian as a defendant (Dkt. Nos. 51, 60). It alleged that Matriculated and Adrian had failed to pay railroad demurrage and other charges, in violation of both 49 U.S.C. § 10746 and the parties' contract (Dkt. No. 6-7). Matriculated and Adrian each answered the second amended complaint (Dkt. Nos. 61, 62).

During discovery, counsel for Matriculated tragically passed away and, on July 20, 2021, the Court stayed this case for a second time in order to permit Matriculated to obtain new counsel (Dkt. No. 64).[2] But after four months had passed and it still had not done so, the Court directed the law firm of its former counsel to advise Matriculated that it remained unrepresented and at risk of default (Dkt. No. 65). The Court also ordered any new counsel for Matriculated to notice their appearance in the case no later than December 31, 2021 (Dkt. No. 67). To date Matriculated remains unrepresented and, according to its former law firm, does not intend to retain replacement counsel (Dkt. No. 82-1).

---

[2] Because Matriculated is organized as a limited liability corporation, it is not permitted to proceed without counsel in this litigation. See MR Crescent City, LLC v. TJ Biscayne Holdings LLC, 515 F. App'x 198 (4th Cir. 2013); Susko v. Cox Enterprises, Inc., 2008 WL 4279669, at *1 (N.D.W. Va. Sept. 16, 2008).

Case 1:19-cv-00202-IMK-MJA Document 119 Filed 07/15/22 Page 4 of 10 PageID #: 571

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**             **1:19CV202**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 110], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 89]**

## II. PENDING MOTION

On March 17, 2022, Adrian filed a motion requesting that the Court strike Matriculated's third-party complaint and its answer to Adrian's counterclaim (Dkt. No. 89). It also sought default against Matriculated. But because Adrian has used entry of default and default judgment interchangeably in its motion and accompanying memorandum of law, it is not immediately clear whether it seeks entry of default under Rule 55(a) or judgment by default under Rule 55(b).

In its motion, Adrian "moves this Court to . . . <u>enter default</u> against [Matriculated], in accordance with Fed. R. Civ. P. . . .55(a) (Dkt. No. 89) (emphasis added). Although the title of its supporting memorandum of law again refers to "entry of default," its opening paragraph "requests that this Court . . . <u>enter default judgment</u> against Matriculated" (Dkt. No. 90 at 1) (emphasis added). And while Adrian discusses both Rule 55(a) and Rule 55(b), and asserts that "an entry of default and a default judgment order is appropriate" (Dkt. No. 90 at 3-4), it conflates entry of default with default judgment throughout its analysis. <u>See e.g.</u>, <u>Id.</u> at 4 ("A LLC's failure to comply with a court's order to obtain counsel constitutes a failure to "otherwise defend" itself in litigation and is an appropriate ground for default judgment pursuant to Fed. R. Civ. P. 55(a).").

Case 1:19-cv-00202-IMK-MJA   Document 119   Filed 07/15/22   Page 5 of 10   PageID #: 572

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**                           **1:19CV202**
**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 110], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 89]**

According to Adrian, Matriculated has violated the Court's Order to obtain new counsel and, by its refusal to participate any further in this litigation, has deprived Adrian of the ability to conduct meaningful discovery necessary to defend against Matriculated's allegations and prosecute its counterclaim (Dkt. No. 106 at 4-6).

Adrian further asserts that striking Matriculated's pleadings and entering default and/or default judgment against it is the appropriate remedy for this noncompliance, and that a combination of several Federal Rules of Civil Procedure, such as Rules 16(f), 37(b), and 55, entitle it to this relief. Id. at 4-5. Although it was served with this motion by mail to its registered agent, Matriculated has not responded (Dkt. No. 89 at 4).

Upon referral of Adrian's motion, the magistrate judge, on March 23, 2022, ordered Matriculated to show cause as to why Adrian's motion should not be granted (Dkt. No. 97). Matriculated accepted service of this Show Cause Order on April 1, 2022, but did not respond (Dkt. No. 104).

Thereafter, the magistrate judge issued an R&R, finding that Matriculated failed to defend itself in this litigation and also violated the Court's Order to obtain counsel (Dkt. No. 110 at 2). And because Matriculated has failed to show good cause excusing its conduct, it recommended that the Court grant Adrian's motion,

Case 1:19-cv-00202-IMK-MJA   Document 119   Filed 07/15/22   Page 6 of 10   PageID #: 573

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**                    **1:19CV202**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 110], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 89]**

strike Matriculated's third-party complaint against Adrian, strike Matriculated's answer to Adrian's counterclaim, and enter default against Matriculated. Id. at 3.

Importantly, though, the magistrate judge distinguished between the entry of default pursuant to Rule 55(a), which it deemed appropriate at this stage of the litigation, and an ultimate default judgment against a party pursuant to Rule 55(b). Id. at n.2. It also specifically warned the parties that failure to object to the R&R would result in the waiver of any appellate rights it might otherwise have on the issues addressed. Id. Matriculated accepted service of the R&R on April 25, 2022 (Dkt. No. 111). Neither party objected.

### III. DISCUSSION

The failure to object to a report and recommendation not only waives any appellate rights in the matter, but also relieves the Court of its obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997). Thus, because the parties interposed no objections to the magistrate judge R&R, the Court has reviewed it for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). And although the Court finds that its reasoning requires

Case 1:19-cv-00202-IMK-MJA   Document 119   Filed 07/15/22   Page 7 of 10   PageID #: 574

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**                    **1:19CV202**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 110], AND
GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 89]**

further elaboration, it finds no clear error in its conclusion and **ADOPTS** the R&R in its entirety (Dkt. No. 110).

**A.   Applicable Law**

To obtain a default judgment, the moving party must first seek an entry of default, which is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. . . ." Fed. R. Civ. Pro. 55(a). Once default is entered by the Clerk, the party may seek a default judgment against the defaulting party. Fed. R. Civ. Pro 55(b). District courts have discretion to enter default judgments, United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982), but the Fourth Circuit "has a strong policy that cases be decided on the merits." United States v. Shaffer Equipment Co., 11 F.3d 450, 453 (4th Cir. 1993). Nevertheless, a default judgment remains available "when the adversary process has been halted because of an essentially unresponsive party." Garnier-Thiebaut, Inc. v. Castello 1935 Inc., 2019 WL 6696694, at *1 (D. Md. Dec. 6, 2019).

Federal Rule of Civil Procedure 16(f) provides that a Court may impose sanctions upon any party that "fails to obey a scheduling or other pretrial order." These sanctions may include those listed in Federal Rule of Civil Procedure 37(b)(2)(A), such as "prohibiting the disobedient party from supporting or opposing designated claims," "striking pleadings in whole or in part,"

Case 1:19-cv-00202-IMK-MJA   Document 119   Filed 07/15/22   Page 8 of 10   PageID #: 575

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**                1:19CV202

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 110], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 89]**

"staying further proceedings until the order is obeyed," "dismissing the action," or "rendering a default judgment against the disobedient party."

To determine whether default judgment is an appropriate sanction, the Court must apply a four-part test:

(1) whether the noncomplying party acted in bad faith;

(2) the amount of prejudice [its] noncompliance caused [its] adversary, which necessarily includes an inquiry into the materiality of the evidence [it] failed to produce;

(3) the need for deterrence of the particular sort of noncompliance; and

(4) the effectiveness of less drastic sanctions.

Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989) (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494 (4th Cir. 1977). These factors "balance a district court's desire to enforce its discovery orders and a party's rights to a trial by jury and a fair day in court." Young Again Prod., Inc. v. Acord, 459 F. App'x 294, 301 (4th Cir. 2011) (citing Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 92.

**B.  Sanctions against Matriculated are Warranted**

In July 2021, the Court stayed this action to permit Matriculated to retain replacement counsel. Because it failed to do so within a reasonable time, the Court directed the law firm of Matriculated's former counsel to warn its client that it was at

8

Case 1:19-cv-00202-IMK-MJA   Document 119   Filed 07/15/22   Page 9 of 10   PageID #: 576

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**                                1:19CV202

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 110], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 89]**

risk of default. It also directed Matriculated's new counsel, if any, to appear no later than December 31, 2021. Matriculated did not heed the Court's warning and, a year later, remains unrepresented. In sum, Matriculated has refused outright to participate in the adversary process and the Court's efforts to reach it have gone unanswered.

Given this history, sanctions are now appropriate. Pursuant to Rule 16(f) and 37(b), the Court concludes that striking Matriculated's third-party complaint against Adrian (Dkt. No. 23) and Matriculated's answer to Adrian's counterclaim (Dkt. No. 55), and directing the Clerk to enter default against Matriculated are the appropriate sanctions for Matriculated's abandonment of its defense and violation of the Court's directives. It further notes that this entry of default, pursuant to Rule 55(a), terminates Matriculated's right to present evidence or appear in this action.

Magistrate Judge Aloi did not address whether Adrian is also entitled to judgment by default against Matriculated, pursuant to Rule 55(b). The Court finds no clear error in this omission given the ambiguity in Adrian's motion and the fact that it did not object to his analysis, which relied solely on Rule 55(a). Thus, while Adrian relies on the Wilson factors in support of its motion, it would be premature to weigh these factors as they relate only to the entry of default judgment under Rule 55(b). See Young Again

Case 1:19-cv-00202-IMK-MJA Document 119 Filed 07/15/22 Page 10 of 10 PageID #: 577

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.** 1:19CV202

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 110], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 89]**

Prod., Inc., 459 F. App'x at 301; Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 92.

### IV. CONCLUSION

Therefore, for the reasons discussed, the Court:

1. **ADOPTS** Magistrate Judge Aloi's R&R in its entirety (Dkt. No. 110);

2. **GRANTS** Adrian's pending motion (Dkt. No. 89);

3. **STRIKES** Matriculated's third-party complaint against Matriculated (Dkt. No. 23) and Matriculated's answer to its counterclaim (Dkt. No. 55); and

4. **DIRECTS** the Clerk to enter default against Matriculated, pursuant to Rule 55(a).

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to counsel of record and to Matriculated, c/o Registered Agent David M. Sutherland, 201 River Run, Queenstown, Maryland 21658 by certified mail, return receipt requested.

Dated: July 15, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE