```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**NORFOLK SOUTHERN RAILWAY COMPANY,**

  **Plaintiff,**

**v.**            **CIVIL ACTION NO. 1:19CV202**
                **(Judge Keeley)**

**MATRICULATED SERVICES, LLC.,**

  **Defendant/ Third-Party Plaintiff,**

**v.**

**ADRIAN HOLDING, LLC.,**

  **Defendant/ Third-Party Defendant/**
  **Counter Claimant**

**and**

**FTS INTERNATIONAL SERVICES, LLC.**

  **Third-Party Defendant/ Counter Claimant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 113], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 105]**

  Because the third-party plaintiff, Matriculated Services, LLC ("Matriculated"), has abandoned this litigation, the third-party defendant and counter claimant, FTSI International Services, LLC ("FTSI"), has moved the Court to strike Matriculated's answer to the second amended complaint and to enter default against it (Dkt. No. 105). The Court referred this motion to United States Magistrate Judge Michael J. Aloi, who recommended granting FTSI's motion (Dkt. No. 113). For the reasons that follow, the Court **ADOPTS** his report and recommendation.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 113], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 105]**

### I.    BACKGROUND

On November 1, 2019, Norfolk Southern filed this lawsuit against Matriculated, alleging that it had failed to pay certain railroad demurrage and other charges (Dkt. No. 1). After Matriculated moved to dismiss, Norfolk Southern amended its complaint (Dkt. Nos. 6, 7). When Matriculated answered the amended complaint, the Court denied its motion to dismiss the initial complaint as moot (Dkt. Nos. 9, 18).

On June 16, 2020, with leave of the Court, Matriculated filed a third-party complaint against Adrian Holding, LLC ("Adrian") and FTS International Services, LLC ("FTSI"), asserting various causes of action, including express indemnity, implied indemnity, contribution, and breach of contract/warranty (Dkt. No. 23). Adrian timely answered and filed a counterclaim for breach of lease against Matriculated (Dkt. No. 32).[1] FTSI also timely answered and filed a counterclaim for breach of contract against Matriculated (Dkt. No. 36). Matriculated answered both counterclaims (Dkt. Nos. 40, 53).

The Court stayed this case on October 26, 2020 after FTSI entered Chapter 11 bankruptcy (Dkt. No. 41). When the Court lifted its stay on January 27, 2021, Norfolk Southern filed its second

---

[1] Adrian later amended its counterclaim after the Court granted Matriculated's motion for a more definite statement (Dkt. Nos. 35, 51, 52).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 113], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 105]**

amended complaint, adding Adrian as a defendant (Dkt. Nos. 51, 60). It alleged that Matriculated and Adrian had failed to pay railroad demurrage and other charges, in violation of both 49 U.S.C. § 10746 and the parties' contract (Dkt. No. 6-7). Matriculated and Adrian each answered the second amended complaint (Dkt. Nos. 61, 62).

During discovery, counsel for Matriculated tragically passed away and, on July 20, 2021, the Court stayed this case for a second time in order to permit Matriculated to obtain new counsel (Dkt. No. 64).[2] But after four months had passed and it still had not done so, the Court directed the law firm of its former counsel to advise Matriculated that it remained unrepresented and at risk of default (Dkt. No. 65). The Court also ordered any new counsel for Matriculated to notice their appearance in the case no later than December 31, 2021 (Dkt. No. 67). To date Matriculated remains unrepresented and, according to its former law firm, does not intend to retain replacement counsel (Dkt. No. 82-1).

## II. PENDING MOTION

On April 6, 2022, FTSI filed a motion requesting that the Court (1) strike Matriculated's third-party complaint against it,

---

[2] Because Matriculated is organized as a limited liability corporation, it is not permitted to proceed without counsel in this litigation. See MR Crescent City, LLC v. TJ Biscayne Holdings LLC, 515 F. App'x 198 (4th Cir. 2013); Susko v. Cox Enterprises, Inc., 2008 WL 4279669, at *1 (N.D.W. Va. Sept. 16, 2008).

Case 1:19-cv-00202-IMK-MJA   Document 120   Filed 07/15/22   Page 4 of 9   PageID #: 581

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**                    **1:19CV202**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 113], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 105]**

(2) strike Matriculated's answer to its counterclaim, and (3) enter default against Matriculated (Dkt. No. 105). It contends that Matriculated has violated the Court's Order to obtain new counsel and has refused to participate any further in this litigation which, consequently, has deprived FTSI of the ability to conduct meaningful discovery necessary to defend against Matriculated's allegations and prosecute its counterclaim (Dkt. No. 106 at 4-6).

FTSI also asserts that striking Matriculated's pleadings and entering default against it is the appropriate remedy for such noncompliance, and that a combination of several Federal Rules of Civil Procedure, such as Rules 16(f), 37(b), and 55(a), entitle it to this relief. Id. at 4-5. Although Matriculated was served with this motion by mail to its registered agent, it has failed to respond (Dkt. No. 105 at 4).

Upon referral of FTSI's motion, the magistrate judge, on April 11, 2022, ordered Matriculated to show cause why the motion should not be granted (Dkt. No. 108). Matriculated accepted service of this Show Cause Order on April 14, 2022, but did not respond (Dkt. No. 112).

Thereafter, the magistrate judge issued an R&R, in which it found both that Matriculated failed to defend itself in this litigation and violated the Court's Order to obtain counsel (Dkt. No. 113 at 2). And, because Matriculated failed to show good cause

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 113], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 105]**

excusing its conduct, it recommended that the Court grant FTSI's motion, strike Matriculated's third-party complaint against FTSI, strike Matriculated's answer to FTSI's counterclaim, and enter default against Matriculated. Id. at 3.

Importantly, though, the magistrate judge distinguished between the entry of default pursuant to Rule 55(a), which it deemed appropriate at this stage of the litigation, and default judgment pursuant to Rule 55(b), to which FTSI may become entitled in the future. Id. at n.2. It also specifically warned Matriculated that its failure to object to the R&R would result in the waiver of any appellate rights it might otherwise have on the issues addressed. Id. Matriculated accepted service of the R&R on May 18, 2022 but did not object (Dkt. No. 114).

### III. DISCUSSION

The failure to object to a report and recommendation not only waives any appellate rights in this matter but also relieves the Court of its obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997). Thus, because Matriculated made no objections to the magistrate judge's R&R, the Court has reviewed it for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). While the Court finds that its reasoning requires further

Case 1:19-cv-00202-IMK-MJA   Document 120   Filed 07/15/22   Page 6 of 9   PageID #: 583

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**                          1:19CV202

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 113], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 105]**

elaboration, it finds no clear error in the magistrate judge conclusion and **ADOPTS** the R&R in its entirety (Dkt. No. 113).

### A.  Applicable Law

To obtain a default judgment, the moving party must first seek an entry of default, which is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. . . ." Fed. R. Civ. Pro. 55(a). Once default is entered by the Clerk, the party may seek a default judgment against the defaulting party. Fed. R. Civ. Pro 55(b). District courts have discretion to enter default judgments, United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982), but the Fourth Circuit "has a strong policy that cases be decided on the merits." United States v. Shaffer Equipment Co., 11 F.3d 450, 453 (4th Cir. 1993). Nevertheless, a default judgment remains available "when the adversary process has been halted because of an essentially unresponsive party." Garnier-Thiebaut, Inc. v. Castello 1935 Inc., 2019 WL 6696694, at *1 (D. Md. Dec. 6, 2019).

Federal Rule of Civil Procedure 16(f) provides that a Court may impose sanctions upon any party that "fails to obey a scheduling or other pretrial order." These sanctions may include those listed in Federal Rule of Civil Procedure 37(b)(2)(A), such as "prohibiting the disobedient party from supporting or opposing designated claims," "striking pleadings in whole or in part,"

Case 1:19-cv-00202-IMK-MJA   Document 120   Filed 07/15/22   Page 7 of 9   PageID #: 584

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**                              **1:19CV202**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 113], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 105]**

"staying further proceedings until the order is obeyed," "dismissing the action," or "rendering a default judgment against the disobedient party."

To determine whether default judgment is an appropriate sanction, the Court must apply a four-part test:

(1) whether the noncomplying party acted in bad faith;

(2) the amount of prejudice [its] noncompliance caused [its] adversary, which necessarily includes an inquiry into the materiality of the evidence [it] failed to produce;

(3) the need for deterrence of the particular sort of noncompliance; and

(4) the effectiveness of less drastic sanctions.

Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989) (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494 (4th Cir. 1977). These factors "balance a district court's desire to enforce its discovery orders and a party's rights to a trial by jury and a fair day in court." Young Again Prod., Inc. v. Acord, 459 F. App'x 294, 301 (4th Cir. 2011) (citing Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 92.

**B.   Sanctions against Matriculated are Warranted**

In July 2021, the Court stayed this action to permit Matriculated to retain replacement counsel. Because it failed to do so within a reasonable time, the Court directed the law firm of Matriculated's former counsel to warn its client that it was at

Case 1:19-cv-00202-IMK-MJA   Document 120   Filed 07/15/22   Page 8 of 9   PageID #: 585

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**                       **1:19CV202**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 113], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 105]**

risk of default. It also directed Matriculated's new counsel, if any, to appear no later than December 31, 2021. Matriculated did not heed the Court's warning and, a year later, remains unrepresented. In sum, Matriculated has refused outright to participate in the adversary process and the Court's efforts to reach it have gone unanswered.

Given this history, sanctions are now appropriate. Pursuant to Rule 16(f) and 37(b), the Court finds that striking Matriculated's third-party complaint against FTSI (Dkt. No. 23), and Matriculated's answer to FTSI's counterclaim (Dkt. No. 40), and directing the Clerk to enter default against Matriculated is the appropriate sanction for Matriculated's abandonment of its defense and violation of the Court's directives. The Court notes that this entry of default terminates Matriculated's right to present evidence or appear in this action.

While FTSI relies on the Wilson factors in support of its request, these factors relate only to the entry of default judgment under Rule 55(b), not the entry of default under Rule 55(a). See Young Again Prod., Inc., 459 F. App'x at 301; Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 92. Because, at this stage, FTSI has requested only entry of default, it would be premature for the Court to weigh these factors.

Case 1:19-cv-00202-IMK-MJA   Document 120   Filed 07/15/22   Page 9 of 9   PageID #: 586

**NORFOLK SOUTHERN V. MATRICULATED, ET AL.**                              **1:19CV202**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 113], AND GRANTING MOTION TO STRIKE AND TO ENTER DEFAULT [DKT. NO. 105]**

### IV. CONCLUSION

Therefore, for the reasons discussed, the Court:

1. **ADOPTS** Magistrate Judge Aloi's R&R in its entirety (Dkt. No. 113);

2. **GRANTS** FTSI's pending motion (Dkt. No. 105);

3. **STRIKES** Matriculated's third-party complaint against FTSI (Dkt. No. 23) and Matriculated's answer to FTSI's counterclaim (Dkt. No. 40); and

4. **DIRECTS** the Clerk to enter default against Matriculated, pursuant to Rule 55(a).

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to counsel of record and to Matriculated, c/o Registered Agent David M. Sutherland, 201 River Run, Queenstown, Maryland 21658 by certified mail, return receipt requested.

Dated: July 15, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE