IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MATRICULATED SERVICES, LLC,<br><br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>ADRIAN HOLDING, LLC,<br><br>Defendant/Third-Party Defendant/Counter Claimant. | CIVIL ACTION NO.): 1:19-CV-202<br>(JUDGE KLEEH) |

**REPORT AND RECOMMENDATION, RECOMMENDING
THAT PLAINTIFF'S MOTION [ECF NO. 130] FOR
DEFAULT JUDGMENT FOR A SUM CERTAIN BE GRANTED**

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 133] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge. By the Referral Order, Judge Kleeh directed the undersigned Magistrate Judge to review Plaintiff's pending motion [ECF No. 130] requesting that the Court enter default judgment for a sum certain against Defendant Matriculated Services, LLC ("Matriculated") in the amount of $215,321.00.

The undersigned convened a hearing, by videoconference, concerning the motion on January 30, 2023. Appearing at the hearing were the following persons on behalf of Plaintiff:

1

Robert C. Rogers and Robert A. Lockhart, counsel for Plaintiff, and Nick Annee ("Annee") and Greg Reeves, corporate representatives of Plaintiff. Matriculated did not appear through any counsel or corporate representative.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on November 1, 2019, when it filed its initial Complaint against Matriculated and others. [ECF No. 1]. Ultimately, Plaintiff filed its Second Amended Complaint [ECF No. 60] on April 16, 2021, by which it brought two causes of action, both involving Matriculated, namely (1) Failure to Pay Rail Carrier Demurrage and Storage and Other Charges, and (2) Breach of Contract. Plaintiff alleged that Defendants (including Matriculated) were liable to it for a "sum certain" of $300,321.00.

As for the factual allegations, Plaintiff alleges that it entered into a series of contracts from June 2017 through November 2019 by which Plaintiff was to facilitate transport of freight, by rail, on Defendants' behalf. The freight was to be transported to a terminal in Morgantown, West Virginia, in the Northern District of West Virginia. Based upon the aforementioned series of contracts (which incorporate charges set pursuant to Plaintiff's Tariff, Rules Circular, and Terms and Conditions), and based on provisions at law set forth at 49 C.F.R. § 1333, Plaintiff claims that Matriculated was subject to certain demurrage charges for railcars not timely unloaded at the Morgantown terminal. Plaintiff alleges that, on multiple occasions, in the timeframe noted above, Matriculated did not unload railcars in timeframes required under the contractual and regulatory provisions. As such, Plaintiff claims, demurrage charges accrued. Notably, Plaintiff explains that each railcar in question has unique identifiers by which Plaintiff could ascertain dates and times each railcar was placed at the Morgantown terminal. Thus, Plaintiff was able to generate invoices

for each railcar for date(s) on which railcars sat at the terminal and were not timely unloaded. Plaintiff alleges that those invoices have gone unpaid.

Matriculated timely filed its Answer [ECF No. 62] to the Second Amended Complaint. However, tragically, Matriculated's counsel later died in an automobile accident. The firm representing Matriculated was permitted to withdraw as counsel, and the Court directed Matriculated to obtain new counsel and for new counsel to appear herein, and provided a deadline to do so. [ECF Nos. 63, 64, 67]. Matriculated failed to do so, and Plaintiff filed a motion [ECF No. 81] on February 25, 2022 to strike Matriculated's Answer and to enter default against Matriculated.

The presiding District Judge then entered a Referral Order [ECF No. 85] on March 10, 2022, directing the undersigned to address Plaintiff's motion. [ECF No. 81]. The undersigned entered an Order to Show Cause [ECF No. 86] on March 10, 2022, by which Matriculated was ordered to show cause within 14 days why Plaintiff's motion [ECF No. 81] should not be granted. On March 15, 2022, Matriculated's registered agent accepted service of the Order to Show Cause. [ECF No. 91]. However, Matriculated did not respond to the Order to Show Cause. Thus, the undersigned entered a Report and Recommendation [ECF No. 103] on April 1, 2022, recommending that Plaintiff's motion [ECF No. 81] to strike Matriculated's Answer and to enter default be granted. The Report and Recommendation provided that objections thereto must be lodged within 14 days. Matriculated's registered agent accepted service of the Report and Recommendation on April 9, 2022. [ECF No. 109]. Matriculated did not lodge any such objection.

By Order [ECF No. 121] dated July 15, 2022, the presiding District Judge adopted the undersigned's Report and Recommendation [ECF No. 103] and granted Plaintiff's motion [ECF No. 81] for entry of default. The Clerk of the Court entered default against Matriculated on that same date, July 15, 2022. [ECF No. 124]. Then, on January 4, 2023, Plaintiff filed a motion [ECF

No. 130] for entry of default judgment against Matriculated, pursuant to Fed. R. Civ. P. 55(b), which is the subject of the instant Report and Recommendation. By Order dated January 9, 2023 [ECF No. 134], the undersigned scheduled a hearing on the motion for January 30, 2023. As noted above, the undersigned convened that hearing as scheduled, at which appeared the representatives of Plaintiff as noted above, and at which no representative of Matriculated appeared.

## II. SUMMARY OF HEARING OF JANUARY 30, 2023, INCLUDING PLAINTIFF'S PRESENTATION REGARDING DAMAGES

At the hearing before the undersigned, Plaintiff's counsel called Annee to testify. Annee also is the affiant who signed the sworn statement [ECF No. 130-1] in support of Plaintiff's motion [ECF No. 130] for default judgment which is the subject of the instant Report and Recommendation. Annee explained that in his management position with Plaintiff, he handles disputes with Plaintiff's customers concerning demurrage charges. Annee explained that he thus is familiar with the process by which demurrage charges are incurred and levied, and is familiar with the charges at issue in the instant matter.

In the course of Annee's testimony, the Court received three exhibits into evidence, labeled Plaintiff's Exhibit 1, Plaintiff's Exhibit 2, and Plaintiff's Exhibit 3[1], respectively. [ECF Nos. 145-1, 145-2, 145-3]. Annee explained that Plaintiff's Exhibit 1 is a 23-page collection of invoices, generated in the course of Plaintiff's business, representing demurrage charges calculated against Matriculated. These charges reflect instances when certain railcars were not returned or moved within the allotted "free time" or "credit days" provided in Plaintiff's governing tariffs. Annee testified that Matriculated had not paid any of these invoices.

Annee explained that Plaintiff's Exhibit 2 is a 43-page document, which is helpful to be reviewed in conjunction with Plaintiff's Exhibit 1. Exhibit 2, per Annee, was generated in the

---

[1] Exhibit 3 also is docketed as "Exhibit A" of Plaintiff's Second Amended Complaint. [ECF Nos. 60, 142].

4

normal course of Plaintiff's business. It provides a detailed breakdown per railcar, per date, for when demurrage charges were levied. Finally, Annee explained that Plaintiff's Exhibit 3, a one-page document, is a snapshot summary of all of the charges reflected in the invoices contained in Exhibit 1. Annee testified that Exhibit 3 was generated in the usual course of Plaintiff's business.

In argument, Plaintiff's counsel explained that the total demurrage owed, reflected in Plaintiff's three exhibits, is $300,321.00. However, Plaintiff's counsel also stressed that Plaintiff had received a payment from co-defendant Adrian Holdings, LLC in the amount of $85,000.00, pursuant to this action, which is an offset to the total demurrage claimed. Thus, Plaintiff seeks an entry of default judgment against Matriculated in the amount of $215,321.00.

### III. ANALYSIS AND FINDINGS

In review of Plaintiff's motion for default judgment [ECF No. 130] and memorandum in support [ECF No. 131], thereof, and supporting materials, and in receiving Plaintiff's testimony and argument at the hearing of January 30, 2023, the undersigned **FINDS** that entry of default judgment in Plaintiff's favor against Matriculated is appropriate. As Plaintiff rightly notes, the governing rule provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). Put another way, then, the undersigned **FINDS** that Plaintiff has substantiated the sum certain for which it seeks entry of default judgment against Matriculated.

Plaintiff's affidavit accompanying its motion, by which its representative explains the calculation of the sum certain, arguably is sufficient under Fed. R. Civ. P. 55(b)(1). However, the undersigned's finding is aided by Plaintiff's corresponding explanation of the computation of the

sum certain – by witness testimony and counsel argument – offered at the hearing before the undersigned on January 30, 2023. At this hearing, and as spread upon the record, Plaintiff routinely relies on and invokes well-established, industry-standard contractual provisions to generate invoicing for demurrage charges resulting from rates and amounts set by its tariffs (incorporated into those contractual provisions), and as set and permitted by pertinent federal regulations. 49 C.F.R. § 1333. There is nothing of record to indicate that Matriculated did not enter into the contracts as alleged. Nothing of record indicates that the contracts (and governing regulations) do not allow for demurrage as alleged. And nothing of record shows that the demurrage calculations are incorrect.

Perhaps most notably, Matriculated has presented no evidence or argument to the contrary of Plaintiff's arguments, claims, and calculations. Despite multiple entreaties by the Court to retain counsel and appear, receipt of notices of proceedings herein, and opportunities to engage in the process, Matriculated has failed to appear and offer anything to the contrary. Nor, in the undersigned's own review of Plaintiff's evidence and argument, and provisions at law relied upon, does Plaintiff appear to be incorrect. Thus, in view of Plaintiff's evidence and argument in its own right, and lacking evidence and argument to the contrary, the undersigned **FINDS** that Plaintiff has substantiated its claim for the sum certain as sought herein.

### IV. RECOMMENDATIONS AND CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's motion [ECF No. 130] for default judgment, and direct the Clerk of the Court to enter an order of default judgment by which the Court grants judgment for Plaintiff Norfolk Southern Railway Company against Defendant Matriculated Services, LLC for a sum certain in the amount of **$215,321 in damages, plus post-judgment interest** under 28 U.S.C. § 1961, at the

rate of interest established thereby, from the date of the Court's judgment order until the date judgment is paid.

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, as well as to Matriculated Services, LLC c/o Registered Agent David M. Sutherland, 201 River Run, Queenstown, Maryland 21658 by certified mail, return receipt requested.

**DATED**:  February 3, 2023.

MICHAEL JOHN ALOI  
UNITED STATES MAGISTRATE JUDGE